**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MURRAY ALAN COATS,
<u>Petitioner-Appellant,</u>

v.                                                                            No. 97-7295

ROBERT SMITH, Superintendent,
<u>Respondent-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CA-97-33-5-3H)

Argued: January 28, 1998

Decided: April 2, 1998

Before RUSSELL,* WIDENER, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Kirk Osborn, Chapel Hill, North Carolina, for
Appellant. Clarence Joe DelForge, III, Assistant Attorney General,
NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North
Carolina, for Appellee. **ON BRIEF:** J. Matthew Martin, MARTIN &

_____

*Judge Russell heard oral argument in this case but died prior to the
time the decision was filed. The decision is filed by a quorum of the
panel. 28 U.S.C.A. § 46(d) (West 1993).

MARTIN, P.A., Hillsborough, North Carolina, for Appellant. Michael F. Easley, Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Murray Alan Coats appeals a decision of the district court denying his petition for a writ of habeas corpus, see 28 U.S.C.A. § 2254 (West 1994 & Supp. 1997), which challenged his North Carolina convictions. Coats argues that the district court applied an incorrect standard of review in considering the decision of the state postconviction court. Coats further contends that the district court erred in denying him relief on the basis of violations of Brady v. Maryland, 373 U.S. 83 (1963), and ineffective assistance of counsel. Finding no error, we affirm.

I.

Coats was convicted in 1989 by a North Carolina court on two counts of first-degree sexual offense, see N.C. Gen. Stat. § 14-27.4 (1993), and one count of second-degree kidnapping, see N.C. Gen. Stat. § 14-39 (1993). Coats' victim testified that she was working at a convenience store when Coats forced her at gunpoint to leave the store and accompany him to a barn where he forced her to remove her clothes and perform oral sex on him for an hour or more. She also testified that Coats penetrated her vagina with his finger. Coats' convictions were affirmed by the North Carolina Court of Appeals, and the North Carolina Supreme Court denied discretionary review.

In 1993, having obtained new counsel, Coats filed a motion for appropriate relief in the Wake County Superior Court asserting that

2

his trial counsel was constitutionally ineffective, that Coats had discovered evidence having a direct and material bearing upon his innocence, and that the prosecutor had engaged in misconduct by failing to disclose the evidence. An evidentiary hearing was held in December 1994, after which the state-court judge denied Coats' motion, finding in pertinent part that trial counsel was not constitutionally ineffective, that the newly discovered evidence was not material, and that the prosecutor had not engaged in misconduct. The North Carolina Court of Appeals then denied certiorari. Coats subsequently filed this petition for a writ of habeas corpus in January 1997, and the district court granted summary judgment against him.

II.

Having had the benefit of oral argument and the parties' briefs, and after careful consideration of the record and the applicable law, we conclude that the district court correctly decided the issues before it. Accordingly, we affirm on the reasoning of the district court. See Coats v. Smith, No. 5:97-HC-33-H-3 (W.D.N.C. Aug. 12, 1997).

AFFIRMED

3